The Honorable Allen Gordon State Senator State Capitol Little Rock, AR 72201
Dear Senator Gordon:
This is in response to your request for an opinion on the constitutionality of Senate Bill 588. That bill would levy a surtax of five percent (5%) on the state income tax paid by residents of counties in which there is a federal court order mandating desegregation of schools for which the state is required to pay a substantial part of the cost.
For the following reasons, it is my opinion that Senate Bill 588 is not unconstitutional.
Initial analysis should begin with whether Senate Bill 588 would be viewed by the courts as "special legislation" and therefore unconstitutional under Amendment 14 to the Arkansas Constitution. Determination of whether a law constitutes impermissible special legislation depends upon its particular features and draftsmanship. We are guided by Arkansas case law on just exactly what type of act would pass constitutional muster.
It is clear that an act cannot mention particular counties by name as being the only counties to which a law would apply. Huggins v. Wacaster, 223 Ark. 390, 266 S.W.2d 58 (1954). Additionally, if an act attempts to reach only a few particular counties by virtue of a population classification, the classification must be drafted very carefully in order to withstand constitutional scrutiny. LeMaire v. Henderson, 174 Ark. 936, 298 S.W.2d 58 (1954). Additionally, is an act attempts to reach only a few particular counties by virtue of a population classification, the classification must be drafter very carefully in order to withstand constitutional scrutiny. LeMaire v. Henderson, 174 Ark. 936,298 S.W.2d 327 (1927). If, however, an act is worded to apply to counties that might possibly thereafter come under its provisions, it would not constitute "special legislation."
Senate Bill 588 applies to "a county in which there is now in effect or hereafter issued a federal court order mandating desegregation of the public schools of the county." This language makes the bill immediately applicable to Pulaski County by virtue of the court orders entered in LRSD, et al. v. PCSSD, No. 1, et al. Litigation styled Mileon, et al. v. Clinton, et al., No. 88-1142 (W.S. Ark.), involving the Camden, Fairview and Harmony Grove school districts could eventually bring Ouachita County under the purview of Senate Bill 588. Other counties in the state not yet involved in litigation could hereafter come under the bill's provisions.
Cases are legion for the proposition that acts of the legislature are presumed constitutional. In Davis v. Smith, 266 Ark. 112,583 S.W.2d 37 (1979), the Arkansas Supreme Court observed that:
 An act of the General Assembly should be given a construction that meets the test of constitutionality, if possible to do so.
266 Ark. at 121. See also, Handy Dan Imp. Center, Inc. v. Adams,276 Ark. 268, 633 S.W.2d 699 (1982); United States v. Harriss,347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954).
For the foregoing reasons, it is the opinion of this office that Senate Bill 588 could be construed by the courts in a manner that would uphold its constitutionality.